## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

| | | |
|---|---|---|
| **KAREN MEDINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. _____** |
| | ) | **[On Removal from the Circuit** |
| **v.** | ) | **Court of the Ninth Judicial** |
| | ) | **Circuit in and for Osceola** |
| **CARTER-HASTON REAL** | ) | **County, Florida** |
| **ESTATE SERVICES, INC.,** | ) | **Case No. 2022 CA 000542 OC]** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### CARTER-HASTON REAL ESTATE SERVICES, INC.'S NOTICE OF REMOVAL

### INTRODUCTION

Defendant, Carter-Haston Real Estate Services, Inc. ("Carter Haston"), removes the action pending in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Case No. 2022 CA 000542 O.  The Osceola County Circuit Court is within the Orlando Division of the Middle District of Florida.  Removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332 (a), there being complete diversity of citizenship between Plaintiff and Carter-Haston, and the matter in controversy (exclusive of interest, costs, and attorney's fees) exceeds the sum of $75,000.  Carter-Haston hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

## VENUE

The State Court Action was filed in Osceola County. Therefore, venue properly lies in the United States District Court for the Middle District of Florida. *See* 28 U.S.C. §§ 89 (b), 1391.

## PLEADINGS, PROCESS, AND ORDERS

On or about March 2, 2022, Plaintiff Karen Medina ("Plaintiff") filed the state court Action. (*See* Composite Ex. A.) Carter-Haston was served with a copy of the Complaint on March 8, 2022. (*See id.*)

According to the allegations in the Complaint, on January 10, 2022, Khari Douglas, the direct boss of Plaintiff at Carter-Haston, entered Plaintiff's office, closed off and blocked the door, and proceeded to berate Plaintiff and raise his voice at her to the point where co-workers in the office called for security. (*See* Composite Ex. A Complaint ("Complaint" or "Compl.") at ¶¶ 6-7.)[1] The Complaint further alleges that as a direct and proximate result of Kahri Douglas' intimidation and verbal assault, Plaintiff suffered emotional injury and resulting suffering, impairment, mental anguish, loss of capacity of the enjoyment of life, medical care and treatment, and aggravation of previously existing conditions. (*See id.* at ¶ 8.) Plaintiff alleges that her injuries are permanent within a reasonable degree of medical probability and that she will continue to suffer losses in the future. (*See id.*) The Complaint seeks unspecified

---

[1] The Complaint does not have specific counts or causes of action.

damages, costs, interest, and other relief. (*See* Compl.) Carter-Haston received a pre-suit demand for $75,000.

In accordance with 28 U.S.C. § 1446(a), true and correct copies of the docket, and all process, pleadings, orders, and other documents, including the Complaint and Summons, are attached as **Composite Exhibit A**. Contemporaneous with the filing of this Notice of Removal, Carter-Haston has served a Notice of Filing Notice of Removal upon Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **Exhibit B**. The original notice, with exhibits, is being filed with the clerk of the state court in accordance with 28 U.S.C. § 1446(d). Carter-Haston is the only defendant named in this action, and it may remove the action without seeking the consent of any other party. *See* 28 U.S.C. § 1446(b); *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1299-1300 (N.D. Fla. 2004).

## SERVICE ON THE STATE COURT

Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal in the United States District Court for the Middle District of Florida, written notice of such filing will be given by the undersigned to Plaintiff (via Plaintiff's counsel of record), and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida.

## TIMELINESS OF REMOVAL

Carter-Haston was served with a copy of the Summons and Complaint on March 8, 2022. This Notice has been filed within thirty (30) days after Carter-Haston

was served with a copy of the Summons and Complaint and is therefore timely under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

Removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1441 (a) and 28 U.S.C. §§ 1446 (a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

### A. Removal is based on diversity of citizenship

The forgoing action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.  28 U.S.C. § 1332 (a)(2) provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1332(a)(2)

When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegations should be accepted when not contested by the plaintiff or

questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff challenges a defendant's assertion of the amount in controversy, then "[i]n such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

On August 20, 2021, more than six months prior to the filing of the lawsuit, Plaintiff issued a pre-suit demand letter for $75,000. The demand described the timeline of alleged events that led to the allegations in the Complaint. The demand alleged that, because of the incident described in the Complaint, Plaintiff has scheduled time to see her primary care physician due to panic and anxiety, has been referred to therapy, was prescribed anti-depressant and anti-anxiety medication, and was diagnosed with PTSD. The demand further alleges that the Plaintiff has experienced cardiac symptoms that were exacerbated by anxiety. Numerous medical records were attached to the demand letter describing the effects and treatment due to the alleged incident. It is likely that Plaintiff has sought additional treatment since the last documented medical record in Carter-Haston's possession. The Complaint alleges that Plaintiff suffered emotional injury, impairment, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, and aggravation of a previously existing condition. (*See* Composite Ex. A. Compl. at ¶ 8.) The injuries were alleged to be permanent within a reasonable degree of medical probability and that Plaintiff will continue to suffer the losses in the future. (*See id.*) Given these details, the amount

in controversy exceeds $75,000 and is sufficient to invoke this Court's diversity jurisdiction.

Further, according to her 2019 W-4, Plaintiff was a Florida resident in the 2019 tax year. At the time of the alleged incident, Plaintiff was an employee at The Gates Apartments, a Carter-Haston property, located at 1550 Calder Blvd., Champions Gate, FL 33896 in Osceola County, Florida. (*See* Composite Ex. A Compl. at ¶ 3.) Medical records also show that as of July 2020, Plaintiff had an address in Davenport, Florida. Plaintiff currently works as a Community Manager in Florida at one of the properties owned by The Garrett Companies and has worked there since January of 2020. Thus, Plaintiff was a citizen of Florida at the time the action commenced in state court and is a citizen of Florida at the time of this Notice.

Carter-Haston is a fully integrated real estate corporation incorporated in Tennessee and its principal place of business (headquarters) is located at 3301 West End Ave., Ste. 200, Nashville, Tennessee 37203-6897. Carter-Haston is a citizen Tennessee and, as such, there is complete diversity between the parties as Plaintiff is a citizen of Florida.

**B. This Action is filed in Osceola County, located in the Orlando Division of this Court**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Here, Plaintiff has filed this action in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, thereby submitting to the jurisdiction of Osceola County as the proper venue. Osceola County is located in the Orlando Division of this Court. Accordingly, and without conceding that the current venue is proper, Defendant states that removal to the Orlando Division of this Court is proper pursuant to 28 U.S.C. § 1441 (a).

## CONCLUSION

Removal is proper because the Complaint falls within this Court's jurisdiction pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332 (a), there being complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds $75,000. Carter-Haston has met all procedural requests for removal, and this notice is timely filed. Accordingly, Carter-Haston respectfully requests this court take jurisdiction and conduct all further proceedings in this case.

WHEREFORE, Carter-Haston removes the Action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County to this Court.

Dated: April 5, 2022.

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
200 S Orange Ave., Suite 2900
Orlando, FL 32801
Telephone: (407) 3475437
Facsimile: (407) 841-0325

By: */s/ Mikhal O. Wright*
    Mikhal O. Wright
    Florida Bar No.: 117174
    mwright@bakerdonelson.com

*Counsel for Defendant Carter-Haston*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 5, 2022, a true and correct copy

of the foregoing was provided via email to the following:

William E. Ruffier, Esq.
Dellecker, Wilson, King, McKenna, Ruffier & Sos, LLP
WEReservice@dwklaw.com
719 Vassar Street
Orlando, Florida 32804
*Counsel for Plaintiff*

           */s/ Mikhal O. Wright*
              Mikhal O. Wright